IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CAROLYN L ALEXANDER and ROGER WALTER STEWART, JR, | : : : |
| Plaintiff, | : : |
| v. | :  Case No: 3:22-cv-11-CDL-MSH |
| KILILO KIJAKAZI, | : : : |
| Defendant. | : |

## ORDER

Pending before the Court are Plaintiffs Carolyn L. Alexander's and Roger Walter Stewart, Jr.'s motions for leave to proceed *in forma pauperis* ("IFP") (ECF Nos. 8, 9). For the reasons stated below, Plaintiffs' motions are **GRANTED**. The Court further **ORDERS** Plaintiffs to recast their complaint.

**I.   Motion for Leave to Proceed IFP**

Under 28 U.S.C. § 1915, a court may authorize a person who is unable to pay court fees to proceed in his action so long as that person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam) (explaining that 28 U.S.C § 1915(a)(1) "applies to all persons requesting leave to proceed IFP). Furthermore, 42 U.S.C § 2000e-5(f)(1) provides that "in such circumstances as the court may deem just, the court . . . may authorize the commencement of the action without the payment of fees, costs, or security." Plaintiffs have established that they are both indigent for the purpose of 28 U.S.C § 1915. Therefore, their motions for leave to proceed IFP (ECF Nos. 8, 9) are **GRANTED**.

## II.     Order to Recast Complaint

Under 28 U.S.C. § 1915(e)(2), once a court grants a plaintiff's motion for leave to proceed IFP, the court "shall dismiss the case at any time if the court determines that the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." It appears from Plaintiffs' complaint that they allege that various employees at the Social Security Administration misappropriated their social security benefits in violation of their constitutional rights. Compl. 1-6, ECF No. 3. Plaintiffs, however, fail to clearly or coherently allege how their rights were violated or how each individual participated in violating their rights.

Therefore, the Court **ORDERS** Plaintiffs to recast their complaint within **FOURTEEN (14) DAYS** of the date of this Order to allow the Court to conduct a review under 28 U.S.C § 1915(e)(2). Plaintiffs must name as defendants only the individuals associated with the claims that they are pursuing in this action. Plaintiffs' recast complaint must specify: (1) what government actor(s) or agency violated their constitutional rights; (2) what said actor(s) or agency did (or failed to do) in violation of their rights; (3) what constitutional right(s) was violated; (4) when and where each action occurred; and (5) how they were injured as a result of each defendant's action(s). Plaintiffs should state their claims as simply as possible and should not attempt to use formal language or legalese. The Clerk is **DIRECTED** to send Plaintiffs the Court's standard civil complaint form.

Plaintiffs' recast complaint **shall take the place of and supersede all allegations made in the original complaint**. The Court will therefore consider only the factual

allegations and claims contained in Plaintiffs' recast complaint. The Court will not consider those facts contained in their original complaint. Accordingly, any fact Plaintiffs deem necessary to prosecute their lawsuit should be clearly stated in their recast complaint, even if Plaintiffs have previously alleged it in another filing.

Failure to comply with the terms of this Order may result in dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure. There shall be no service of process until further order of the Court.

SO ORDERED, this 23rd day of February, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE